384 So.2d 1258 (1980)
Iva C. O'MALLEY, Petitioner,
v.
PAN AMERICAN BANK OF ORLANDO, N.A., As Personal Representative of the Estate of Joseph E. O'Malley, Respondent.
No. 53547.
Supreme Court of Florida.
May 8, 1980.
Rehearing Denied July 21, 1980.
*1259 G. Thomas Ball of Mesmer, Robbinson & Ball, Orlando, for petitioner.
Alexander C. Mackinnon, Lawrence G. Mathews, Jr., and Robert E. Meale of Fawsett, Smith, Mackinnon & Mathews, Orlando, for respondent.
ADKINS, Justice.
This cause is before us on petition for writ of certiorari form the Fourth District Court of Appeal on the ground that its decision, Pan American Bank of Orlando v. O'Malley, 353 So.2d 856 (Fla. 4th DCA 1977), conflicts with our decisions in Johnson v. Every, 93 So.2d 390 (Fla. 1957), and First National Bank in St. Petersburg v. Ford, 283 So.2d 342 (Fla. 1973). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution (1972).
On February 3, 1972, the petitioner, Iva C. O'Malley, and James E. O'Malley were divorced. The final judgment incorporated by reference a written separation agreement of the parties which provided in pertinent part: "Husband agrees to pay unto wife as and for permanent alimony the sum of eight hundred fifty and no/100 dollars ($850.00) per month beginning March 1, 1972, and monthly thereafter until wife becomes remarried or deceased." Mr. O'Malley subsequently died, survived by petitioner, who had not remarried. Petitioner filed a claim for continued alimony payments against the estate of Mr. O'Malley. The estate denied her claim, and petitioner began the instant action.
The trial court held that the written separation agreement was sufficient to obligate Mr. O'Malley's estate to continue alimony payments after his death. This holding was based on our decision in Johnson v. Every, 93 So.2d 390 (Fla. 1975), which the trial court stated it felt bound to follow. The Fourth District Court of Appeal reversed the trial court's decision stating that Johnson had in effect, though not expressly, been overruled, or alternatively that Johnson *1260 had little precedential value and its holding was limited to its facts.
Initially, it must be established whether the periodic payments provided for in the separation agreement are, in substance, alimony or an integral part of the property settlement rights of the parties. Both of the courts below found these payments to be alimony. We agree. The periodic payments were designed to provide support and maintenance for petitioner. They were not tied to any property rights, and they were set-up to terminate upon the remarriage of petitioner. Furthermore, this is clearly periodic alimony as opposed to lump sum alimony payable in installments. The latter would have to be considered to be a vested property interest. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Having found the periodic payments provided for in the agreement were alimony, the question remains as to whether the language of the agreement is sufficient to obligate the estate of Mr. O'Malley to continue to pay the alimony.
Alimony was originally established in Florida as a corollary to the common law obligation of a husband to provide his wife with the day-to-day necessities of life. At common law, this support obligation terminated upon the death of the husband. Aldrich v. Aldrich, 163 So.2d 276 (Fla. 1964). Consequently, the well established rule is that an obligation to pay alimony ceases upon the death of the obligor, unless that person expressly agrees that the estate shall be bound to continue to pay alimony after his death. In Re Estate of Freeland, 182 So.2d 425 (Fla. 1965); Allen v. Allen, 111 Fla. 933, 150 So.2d 237 (1933).
Petitioner contends that since termination of the permanent periodic alimony was conditioned solely upon her death or remarriage, neither of which event has occurred, Mr. O'Malley's estate is obligated to continue the payments until the occurrence of either event. Petitioner reasons, therefore, that the language is an expression of Mr. O'Malley's intent to bind his estate. We disagree.
The language of the separation agreement is not sufficient to obligate Mr. O'Malley's estate to continue making those alimony payments. Since the law is so clearly established that the obligation to pay alimony dies with the obligated party, such a provision is implicit within the language of the agreement. In order to overcome this implied provision, there must be an express indication of an intention to the contrary. As the district court pointed out, the language in question is similar to that used in separation agreements and divorce decrees to indicate that periodic alimony is permanent in nature, rather than temporary or lump sum, and had Mr. O'Malley intended to bind his estate, it would have been a simple matter for him to have included language to that effect in the agreement. 353 So.2d at 857. Certainly, considering the settled nature of the law in this area, Mr. O'Malley should not have been required to add a provision stating that payments were to terminate upon his death.
Accordingly, we recede from our decisions in Johnson v. Every, 93 So.2d 390 (Fla. 1957), and First National Bank in St. Petersburg v. Ford, 283 So.2d 342 (Fla. 1973), to the extent that they conflict with our decision today.
Since we have held that Mr. O'Malley's estate is not obligated to continue the periodic alimony payments, it is unnecessary to reach the other issues raised by petitioner.
The petition for certiorari is granted and the decision of the Fourth District Court of Appeal is approved.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON and SUNDBERG, JJ., concur.