415 So.2d 146 (1982)
Robert MAHAN, Appellant,
v.
Ida M. MAHAN, Appellee.
No. 81-1457.
District Court of Appeal of Florida, Second District.
June 16, 1982.
Stephen C. Watson of Hahn, Brethitt, Roberts & Watson, P.A., Lakeland, for appellant.
C. Ray McDaniel and Marshall G. Slaughter, Bartow, for appellee.
SCHEB, Chief Judge.
We reject the husband's arguments that the trial court erred in awarding the wife permanent alimony, the husband's interest in the marital home, and attorney's fees. These awards are all supported by substantial, competent evidence and are within the trial court's discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We agree, however, with the husband's contention that the trial court erred in requiring him to maintain a policy of life insurance on his life with the wife as a named beneficiary. Eagan v. Eagan, 392 So.2d 988 (Fla. 5th DCA 1981); Watterson v. Watterson, 353 So.2d 1185 (Fla. 1st DCA 1978); Blass v. Blass, 316 So.2d 308 (Fla. 3d DCA 1975); Perkins v. Perkins, 310 So.2d 438 (Fla. 4th DCA 1975). See also, O'Malley v. Pan American Bank, 384 So.2d 1258 (Fla. 1980), for the proposition that the obligation to pay alimony ceases upon the death of the obligated party.
*147 Accordingly, we strike from the final judgment of dissolution paragraph 11, which requires the husband to maintain a policy of insurance on his life with his wife as beneficiary. Otherwise, we affirm the judgment.
We provisionally grant the wife's motion for attorney's fees for services of her counsel on appeal in accordance with the rationale of Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977). We remand to the trial court to make a determination of the amount of a reasonable fee for such services and the portion thereof that the husband should be required to pay based on the disparity in the parties' needs and abilities to pay.
GRIMES and RYDER, JJ., concur.