431 So.2d 657 (1983)
James Robert NOE, II, Appellant,
v.
Kathleen J. NOE, Appellee.
No. 82-1651.
District Court of Appeal of Florida, Second District.
April 27, 1983.
Rehearing Denied May 25, 1983.
Clyde H. Wilson of Wilson, Wilson, Namack & Jaffer, Sarasota, for appellant.
C. Eugene Jones of Ginsburg, Bryd & Jones, Sarasota, for appellee.
BOARDMAN, Acting Chief Judge.
James Robert Noe II (the husband) appeals portions of the final judgment of dissolution of his marriage to Kathleen J. Noe (the wife) as modified on rehearing. We affirm in part and reverse in part.
One of the provisions of the judgment that the husband challenges is the requirement that he maintain in effect unencumbered an existing life insurance policy in the face amount of $50,000 and leave the wife as designated beneficiary until his child support ($2500 per year per minor child) and alimony (permanent periodic alimony of $21,000 per year terminable on the wife's death or remarriage) obligations terminate. The husband relies on Mahan v. Mahan, 415 So.2d 146 (Fla. 2d DCA 1982), wherein this court held that a requirement that a husband maintain life insurance under such circumstances as these is, in effect, a requirement that he pay alimony at death, which is improper since an obligation to pay permanent periodic alimony terminates on the obligor's death.
*658 We conclude that Mahan is not necessarily controlling here, since the facts in the case before us suggest that the trial court may have intended this provision as lump sum alimony. Lump sum alimony may be awarded as a means of insuring an equitable distribution of property acquired during the marriage, Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), or to provide for the wife's further needs for continuing support, Grobard v. Grobard, 382 So.2d 117 (Fla. 3d DCA 1980). The trial court availed itself of this means of achieving a fair division of assets in the instant case, awarding the wife certain items of real and personal property as lump sum alimony, due undoubtedly to the fact that much of the parties' assets were tied up in the husband's solely owned businesses, which the trial court clearly did not feel could be sold or divided without destroying or drastically reducing the income producing value of the businesses. However, the trial court may have felt that its designated lump sum awards were insufficient to fully balance the equities between the parties or to provide for the wife's future needs. If so, the trial court's life insurance solution was not unreasonable. Stith v. Stith, 384 So.2d 317 (Fla. 2d DCA 1980).
Because we are uncertain as to the trial court's intent as to this provision, we remand on this point. On remand, the trial court may take additional evidence or entertain further argument. Eagan v. Eagan, 392 So.2d 988 (Fla. 5th DCA 1981). Should the trial court determine on remand that the $50,000 face value of the life insurance policy in question should be awarded to the wife as lump sum alimony with the premium payments to be made by the husband as additional permanent periodic alimony, the actual ownership of the policy should be awarded to the wife subject to the conditions set out in Stith, supra, at 321. These conditions will, inter alia, ensure that the policy will not be permitted to lapse, whether inadvertently or intentionally, without the wife's having received sufficient advance notice to avoid such lapse.
One other point raised by the husband has merit. One of the assets awarded to the wife as lump sum alimony was the automobile she had been driving, which was titled in the name of one of the husband's corporate businesses. Inasmuch as the corporation was not joined as a party to the dissolution proceedings, the trial court did not have the authority to order the property transfer in question, and this provision is therefore vacated. Feldman v. Feldman, 390 So.2d 1231 (Fla. 3d DCA 1980). On remand, the trial court shall require the husband to provide the wife with equivalent transportation, i.e., a $3,000 automobile.
We find the remaining points raised by the husband to be without merit.
Accordingly, the final judgment of dissolution is affirmed in part and reversed in part and the cause remanded for further proceedings consistent with this opinion.
DANAHY and SCHOONOVER, JJ., concur.