465 So.2d 637 (1985)
Gene E. McCLUNG, Appellant,
v.
Jane V. McCLUNG, Appellee.
No. 84-675.
District Court of Appeal of Florida, Second District.
March 22, 1985.
Carolyn M. Fields of de la Parte & Gilbert, P.A., Tampa, and Manuel M. Garcia, Tampa, for appellant.
Seymour A. Gordon of Gay & Gordon Attorneys, P.A., and James C. Wallace, III, St. Petersburg, for appellee.
LEHAN, Judge.
The husband appeals from the amended Final Judgment in this dissolution of marriage *638 case, contending that the trial court erred in distributing assets. We reverse.
The marriage had existed for thirty-eight years. The parties' two children are emancipated. At the time of the final judgment the husband was receiving a retirement pension, a military disability pension, and earnings from two sources of employment. His total income was approximately $2900 per month. The wife was working as a receptionist at a beauty shop which she owned. She testified that the shop never made a profit and that she had never drawn a salary from the shop. She receives monthly social security disability income of $262. She had come to the marriage with a high school education and worked as a typist at the beginning of the marriage until she became a mother. Each party's health was impaired, the husband's from lupus and high blood pressure and the wife's from rheumatoid arthritis, hepatitis, and high blood pressure. The marital home was the principal asset.
The amended Final Judgment awarded the wife, inter alia, permanent periodic alimony in an amount equalling "50 percent of the combined total net incomes of the Husband and Wife," lump sum alimony of the remainder of the proceeds from the sale of the marital home after certain of the husband's debts had been satisfied, and fifty percent of the husband's State of Florida retirement benefits. Also, the husband was ordered to maintain life insurance payable to the wife as primary beneficiary with an amount of death benefits equalling or exceeding those available at the date of the final hearing.
The husband contends there were four errors: (1) awarding the wife permanent periodic alimony based upon the foregoing formula; (2) requiring that the husband maintain the wife as a primary beneficiary on the life insurance policies; (3) failing to give the husband credit for payments made by him on the jointly owned marital home after the parties' separation and prior to its sale; and (4) awarding the wife one-half of the husband's accrued state retirement benefits. We agree, at least in part, with all four contentions.
As to the first contention, the husband argues that the formula computation of permanent alimony is inequitable because the husband would thereby become obligated to pay an increased amount of alimony if the wife's net income increases even though there is no increase in the husband's ability to pay or the wife's needs. Also, under that formula if the husband's income increases, the wife's alimony would increase even if the wife's needs do not increase. We conclude that the use of the formula was error. We do not favor the use of a formula to determine the amount of alimony for the future when, as here, there is no evidentiary basis for the present determination of relevant future events. See Lewis v. Lewis, 450 So.2d 1123 (Fla. 2d DCA 1983), petition for review denied, 451 So.2d 849 (Fla. 1984); Ramsey v. Ramsey, 431 So.2d 258, 259 (Fla. 2d DCA 1983).
As to the second contention, it is not clear what was intended in the requirement that the husband keep the wife as the primary beneficiary on the life insurance policies. If the intent was to award post mortem alimony, the award was invalid. Mahan v. Mahan, 415 So.2d 146 (Fla. 2d DCA), petition for review denied, 424 So.2d 762 (Fla. 1982); Putman v. Putman, 154 So.2d 717 (Fla. 3d DCA 1963). Cf. Aldrich v. Aldrich, 163 So.2d 276 (Fla. 1964) (alimony obligation ends with obligor's death). If the intent was to award lump sum alimony with premium payments to be permanent periodic alimony, the award was valid. Noe v. Noe, 431 So.2d 657 (Fla. 2d DCA 1983). We therefore, consistent with Noe, remand for a determination of the trial court's intent. We do so with the proviso that if the trial court determines that the life insurance requirement constitutes lump sum alimony with premium payments as permanent periodic alimony, ownership of the policies should be transferred to the wife subject to the conditions set forth in Stith v. Stith, 384 So.2d 317 (Fla. 2d DCA 1980), which is cited *639 with approval in Noe. If, under the terms of those insurance policies such a transfer of ownership may not be accomplished, then the life insurance requirement should be deleted from the final judgment.
As to the third contention, we do not conclude that there was an abuse of discretion in the trial court's failure to credit the husband with the amount of the mortgage payments on the jointly held marital home which he made after the separation and before the dissolution. However, credit should be given for certain amounts paid by one spouse after the dissolution and before the sale of the home. See Tucker v. Tucker, 392 So.2d 1008 (Fla. 1st DCA 1981); Price v. Price, 389 So.2d 666, 668-69 (Fla. 2d DCA 1980), petition for review denied, 397 So.2d 778 (Fla. 1981). Therefore, we remand in this regard so that the husband may receive any credit to which he is entitled.
As to the fourth contention, we agree that the trial court erred in awarding the wife fifty percent of the husband's state retirement benefits. The husband relies upon Buzzard v. Buzzard, 412 So.2d 388 (Fla. 2d DCA), petition for review denied, 419 So.2d 1195 (Fla. 1982), for the proposition that state retirement funds may not be garnished for the payment of alimony. The wife contends that Buzzard is inapplicable because there is no issue sub judice regarding the use of legal process to obtain the retirement funds to pay alimony. We conclude that the rationale of Buzzard is applicable. The trial court did not simply consider the funds for purposes of equitable distribution, as the wife argues; the court actually awarded the wife "50 percent of all University of South Florida retirement benefits, which have accrued to date." Section 121.131, Florida Statutes (1983) prohibits these benefits from being "subject to assignment, execution, or attachment or to any legal process whatsoever." If under Buzzard alimony rights against a retirement fund cannot be enforced, the award of such a fund also cannot be enforced. An unenforceable award would be meaningless. We therefore reverse this portion of the final judgment.
Our foregoing determinations substantially modify the trial court's plan of distribution. Therefore, we vacate the provisions of the Final Judgment, as amended on rehearing, which deal with the distribution of assets. The cause is remanded for the trial court to adopt another plan for equitable distribution.
Reversed and remanded for proceedings consistent herewith.
OTT, A.C.J., and BOARDMAN, EDWARD F., (Ret.) J., concur.