490 So.2d 225 (1986)
Alan SOBELMAN, Appellant/Cross-Appellee,
v.
Goldie SOBELMAN, Appellee/Cross-Appellant.
No. 85-1461.
District Court of Appeal of Florida, Second District.
June 25, 1986.
Charles J. Cheves of Cheves & Rapkin, Venice, for appellant/cross-appellee.
Arthur Ginsburg and Shelley M. Mitchell of Ginsburg, Jones & Dahlgaard, Sarasota, for appellee/cross-appellant.
FRANK, Acting Chief Judge.
The husband, Alan Sobelman, appeals from the final judgment and the amended final judgment in this dissolution action, contending that the trial court erred in awarding the wife's attorney a fee and in requiring the maintenance of an insurance policy for the wife's benefit. The wife, on cross-appeal, challenges the award of one-half interest in the marital home to the husband and the court's failure to order the husband to pay his children's college education expenses. We have considered all issues presented by the parties and find that the trial court acted within its discretion save for the insurance policy requirement.
A husband's obligation to pay alimony terminates with his death. O'Malley v. Pan American Bank, 384 So.2d 1258 (Fla. *226 1980). We have held that if a marriage partner has not agreed to maintain life insurance for his spouse's benefit, a trial court cannot impose that requirement in the dissolution judgment. See Mahan v. Mahan, 415 So.2d 146 (Fla. 2d DCA), review denied, 424 So.2d 762 (Fla. 1982). Given this stricture, the trial court's award of life insurance to the wife is of doubtful validity.
Our court has carved out an exception to the general rule, however, in the instance where life insurance is intended as lump sum alimony with premium payments to be permanent periodic alimony. McClung v. McClung, 465 So.2d 637 (Fla. 2d DCA 1985); Noe v. Noe, 431 So.2d 657 (Fla. 2d DCA 1983); Stith v. Stith, 384 So.2d 317 (Fla. 2d DCA 1980). In McClung and Stith, the life insurance policies were simply considered an asset of the marriage subject to equitable distribution in the form of lump sum alimony. In each case, the husband was required to transfer ownership of the policy to the wife and to denominate her the beneficiary. Moreover, the McClung and Stith records disclosed spousal income sufficient to pay the premiums as additional periodic alimony. The obligation, however, was to terminate should the wife either remarry or predecease the husband. In this case the court ordered the husband "to maintain" life insurance in the face amount of $200,000.00, but we cannot divine from the record whether such a policy was an asset of the marriage or whether the court intended the husband to purchase a policy.
In addition to the circumstances described in McClung and its predecessors, the award of a life insurance policy is now permitted by statute. On January 1, 1985, before the rendition of the judgments in this case, section 61.08(3), Florida Statutes, became effective, providing that:
To the extent necessary to protect an award of alimony, the court may order any party who is ordered to pay alimony to purchase or maintain a life insurance policy or a bond, or to otherwise secure such alimony award with any other assets which may be suitable for that purpose.
The amended statute, in our view, does not affect the prohibition against ordering a spouse to maintain life insurance as a form of post mortem alimony; rather, it contemplates a factual setting in which there exists a need for security or protection of the award to the other spouse.
Although, as we have discussed above, the requirement to maintain life insurance is no longer invalid per se, we cannot discern from the record before us whether the court, having characterized the award as "additional permanent alimony," intended the life insurance policy in itself to be lump sum alimony e.g., McClung, or as security for other alimony awarded to the wife, section 61.08(3), Florida Statutes.
Our only recourse, therefore, is to remand this matter with direction to strike the life insurance aspect of the final judgment or to amend the judgment so that the life insurance award is proper under either the statutory provision or the pertinent decisional law.
HALL and SANDERLIN, JJ., concur.