513 So.2d 1325 (1987)
James DWYER, Appellant,
v.
Patricia DWYER, Appellee.
No. 86-792.
District Court of Appeal of Florida, Second District.
October 2, 1987.
*1326 Stephen W. Sessums and Merrie-Roxie Crowell, of Sessums & Mason, P.A., Tampa, for appellant.
John R. Asbell, of Asbell Hains, Doyle & Pickworth, Naples, for appellee.
PER CURIAM.
The husband James Dwyer appeals from the final judgment and the amended final judgment in this dissolution action, contending that the trial court erred in the distribution of marital assets. For the reasons stated below, we affirm in part and reverse in part.
The amended final judgment awarded the wife $60,000 per year as permanent periodic alimony, $15,600 per year in child support, lump-sum alimony of one-half of the payments in the husband's 401-K plan and thrift plan, and one-half of the current value of the husband's defined benefit plan when the husband reaches the age of fifty-five. Also, the husband was ordered to maintain life insurance on his life for the purpose of protecting alimony payments until the wife reaches age 65. Additionally, the husband was ordered to pay $5,677.05 towards the wife's attorney's fees and costs.
The husband contends that the trial court committed three errors: (1) an abuse of discretion in awarding the wife alimony, child support, and attorney's fees; (2) failure to order an automatic future reduction in periodic alimony; and (3) requiring the husband to maintain life insurance on his life with the wife as beneficiary.
As to the first contention, the husband asserts that the trial court's award to the wife of alimony, child support, and attorney's fees was an abuse of discretion. He further contends that the pension plan benefits were considered both as a source of income for the payment of alimony and as a marital asset subject to equitable distribution. We conclude that the trial court acted within its discretion. The evidence reflects that the retirement benefits were equitably distributed and were not considered again as a source of alimony. See Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986); Bogard v. Bogard, *1327 490 So.2d 43 (Fla. 1986). The trial court attempted to insure that both parties could maintain a standard of living similar to that which they enjoyed during the marriage, and provided each party with approximately the same amount of income and assets. Further, the trial court's remaining awards of child support and attorney's fees do not rise to the level of unreasonableness.
As to the second contention, the parties stipulated at oral argument, and we agree, that the final judgment should be remanded to provide for a specific retention of jurisdiction to consider whether the amount of the husband's payments to the wife in the form of permanent periodic alimony should be modified upon and in consideration of the wife's receipt of her portion of the husband's retirement benefits. The husband has no access to the monies in the defined benefit plan until he reaches age fifty-five. The approximate income from the plan would be $42,000 a year from age fifty-five to sixty-five and approximately $39,000 a year at age sixty-five and thereafter. These benefits are payable to the husband for his life only and have no estate value. The husband's thrift plan and 401-K plan had a total value of $72,414 at the time of the final hearing. These sums are available for withdrawal, and the amounts will be taxable to the husband as income. A deferred compensation plan with a value of $6,863 is only available upon the husband's termination from employment, retirement or death.
We, therefore, reverse this portion of the judgment. Upon remand, the trial court is directed to include a provision for an automatic reevaluation of the wife's alimony needs and the husband's ability to pay when the wife receives her portion of the husband's retirement benefits with a view toward reducing any remaining alimony due by husband by the amount of wife's portion of the retirement benefits absent a significant change of circumstances. See Condren v. Condren, 475 So.2d 268 (Fla. 2d DCA 1985). The judgment shall also provide that as the wife receives her portion of the various retirement benefits she will participate in any tax liability attendant to the distribution of those benefits and jurisdiction should be retained by the trial judge to determine the proper amount of that participation in the event the parties cannot agree.
As to the third contention, the parties concede, and we agree, that the trial court erred in requiring the husband to maintain a life insurance policy with the wife as the primary beneficiary until she reaches age sixty-five. Sobelman v. Sobelman, 490 So.2d 225 (Fla. 2d DCA 1986); Mahan v. Mahan, 415 So.2d 146 (Fla. 2d DCA), rev. denied, 424 So.2d 762 (Fla. 1982). The husband's obligation to pay alimony terminates with his death. See O'Malley v. Pan American Bank, 384 So.2d 1258 (Fla. 1980). The wife contends that the insurance required by the court is not post mortem alimony. Rather, she contends that the insurance is security for alimony vesting before the husband's death and is proper under section 61.08(3), Florida Statutes (1985). Sobelman recognizes that the award of a life insurance policy is permitted under section 61.08(3), but states:
The amended statute, in our view, does not affect the prohibition against ordering a spouse to maintain life insurance as a form of post mortem alimony; rather, it contemplates a factual setting in which there exists a need for security or protection of the award to the other spouse.
Towards this end, we remand for a correction of the portion of the amended final judgment which requires the husband to maintain a life insurance policy with his wife as beneficiary. These corrections should reflect that the required insurance policy is for the purpose of protecting alimony arrearages up to $60,000.
Finally, paragraph 11(b)(1)(2) and (3) of the amended final judgment provides certain specified alternatives in the event the terms of Husband's Defined Benefit Plan do not allow for payment to Wife as specified. The parties have stipulated that those alternatives be deleted and instead the trial judge shall reserve jurisdiction to provide for alternative protection to Wife in *1328 such an event. On remand, the judgment should so provide.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
SCHEB[*], A.C.J., and CAMPBELL and FRANK, JJ., concur.
NOTES
[*] Judge Scheb participated in the decision but did not participate in the oral argument.