PER CURIAM.
Joyce H. Wood appeals from a final judgment of dissolution of marriage. We find that the trial court erred by not awarding permanent alimony and in transferring control of her IRA account to her former husband.
The parties were married for thirty-seven years. The wife is fifty-seven years old. She has had a series of health problems which, according to her physician, will preclude her from ever maintaining gainful employment. During the marriage, the wife was a homemaker, working only briefly outside the home. The parties raised seven children, none of whom are now minors. The wife has virtually no assets in her own name other than an IRA worth approximately $11,000, although the husband and wife jointly owned several marital assets of substantial value.
The husband is sixty years old and is the sole owner and only employee of M.W. Wood and Company, Inc., which engages in bank consultation. His income from this company has varied considerably in recent years, but he testified that he expects approximately $100,000 yearly over the next few years. The husband has established a "defined benefit pension plan” through his company which is now fully funded and requires no further contributions. The pension plan will yield $52,000 per year upon his retirement at age 65. The husband owns substantial assets in his own name and is in good health.
The final judgment awarded the wife rehabilitative alimony consisting of one-half of the husband’s monthly gross income, exclusive of social security taxes, for thirty-six months, or until the husband’s retirement, the death of either party or the wife’s remarriage.
We find that the trial court abused its discretion in failing to award permanent alimony to the wife. There was no showing that Mrs. Wood can be rehabilitated to become self-supporting. Sever v. Sever, 467 So.2d 492 (Fla. 2d DCA 1985). Therefore, it was error to award rehabilitative alimony, rather than permanent alimony. The trial court also erred in awarding the wife one-half of the gross income of the husband’s business, instead of a specific amount, as this award is not based on either her needs or the husband’s ability to pay. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
We also agree with the wife’s contention that the court erred in allowing her IRA account to be managed by the husband. See Neff v. Neff, 386 So.2d 318, 319-320 (Fla. 2d DCA 1980). On remand, the trial court should strike this provision of the final judgment.
Because it appears from the final judgment that the husband’s pension plan was intended to provide permanent periodic alimony to the wife upon the husband’s retirement, the trial court shall have the authority upon remand to revisit that provision of the final judgment when establishing the amount of permanent periodic alimony. *510 See Dwyer v. Dwyer, 513 So.2d 1325 (Fla. 2d DCA 1987).
We have considered the wife’s remaining points on appeal and find them to be without merit.
Reversed in part and remanded with directions that the final judgment be modified consistent with this opinion.
SCHOONOVER, A.C.J., and HALL and THREADGILL, JJ., concur.