T.C. Summary Opinion 2005-60


UNITED STATES TAX COURT


JOHNY DESAUGUSTE,[1] Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2037-04S.                Filed May 18, 2005.


Johny Desauguste, pro se.

Lauren B. Epstein, for respondent.


    DEAN, Special Trial Judge:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in

effect at the time the petition was filed.  Unless otherwise

indicated, all subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule

---

[1] Petitioner's surname is spelled several different ways in
the various documents comprising the record.  The Court uses the
spelling used by petitioner on the petition commencing this case.

references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 1999 a deficiency in petitioner's Federal income tax of $4,675 and an addition to tax under section 6651(a)(1) of $807. After a concession,[2] the issues remaining for decision are whether petitioner is: (1) Entitled to an alimony deduction for 1999; and (2) subject to an addition to tax under section 6651(a)(1) for failure to timely file his 1999 Federal income tax return.

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner resided in Jacksonville, Florida, at the time the petition was filed.

### Background

1. Petitioner's Separation and Divorce

Petitioner was married to Marlyn Desauguste (Mrs. Desauguste) in 1991. They were divorced on September 25, 2001. One child was born of the marriage.

On June 16, 1998, petitioner and Mrs. Desauguste signed an informal agreement (June Agreement) which stated:

> The said parties have deemed it to their best interest that this out-of-court agreement be made requiring the

---

[2]Petitioner concedes he is not entitled to claim head of household filing status for 1999.

first party to make monthly payments of $860.00 (eight hundred and sixty dollars), as support to the said second party, Marlyn DeAugust.  The provisions of this agreement shall apply to and bind the heirs of the agreement.

On October 30, 2001, a hearing was held in the State court of Florida regarding alimony and child support.  The resulting Report and Recommendation of General Master and Notice of Filing: Final Judgment on Child Support and Alimony, dated November 20, 2001, specifies that "The issue as to the allowance payments that are being made by the Respondent is not before the Court."  In that proceeding, the "respondent" is petitioner, Mr. Desauguste.

At petitioner's request, Mrs. Desauguste wrote a letter dated May 15, 2003, in which she stated: "Under the maintenance of this separation agreement, Mr. Desauguste agreed to support me with the sum of $860.00, a month as provision for our marriage of five years.  Although this matter was introduced before a judge through my attorney, there was no judicial resolution made on the matter."

2.  Petitioner's 1999 Tax Return

When petitioner initially submitted his Form 1040, U.S. Individual Income Tax Return, for 1999 to the Internal Revenue Service on August 30, 2000, he failed to sign the document. Petitioner subsequently signed and returned a Declaration regarding his 1999 return dated September 15, 2000.  He reported

that he had paid alimony of $9,000 to Mrs. Desauguste during 1999.

Respondent issued a notice of deficiency determining that petitioner is not entitled to claim head of household filing status or an alimony deduction for 1999 because he failed to substantiate his claims. Respondent also determined petitioner is liable for an addition to tax for failure to timely file his 1999 tax return.

## Discussion

Respondent's determinations are presumed correct, and petitioner bears the burden of proving otherwise. Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and petitioner bears the burden of proving that he is entitled to any deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra. This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Under section 7491(a)(1), the burden of proof may shift to the Commissioner. Because the alimony deduction issue is a question of law, section 7491 is inapplicable, and the Court decides the issue without regard to the burden of proof. Under section 7491(c), respondent retains the burden of production with respect to petitioner's liability for any penalties or additions to tax.

1.  Deductibility of Petitioner's Payments to His Former Spouse

Section 215(a) provides generally that alimony payments are deductible by the payor spouse.  Under section 215(b), "alimony" means any alimony, as defined in section 71(b), which is includable in the gross income of the recipient under section 71.  Under section 71(b), the term "alimony or separate maintenance payment" is defined in section 71(b)(1) as any payment in cash meeting the following four criteria:

> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
>
> (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,
>
> (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
>
> (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Petitioner's deduction for alimony is allowable only if the four criteria of section 71(b)(1) are met.  Jaffe v. Commissioner, T.C. Memo. 1999-196.

Section 71(b)(1)(D) requires, as a condition to qualify as alimony, that the obligation to make payments must terminate upon the death of the former spouse.  If the payor is liable for even one otherwise qualifying payment after the recipient's death,

none of the related payments required before death will be alimony. Sec. 1.71-1T(b), Q&A-13, Temporary Income Tax Regs., 49 Fed. Reg. 34456 (Aug. 31, 1984). Whether such obligation exists may be determined by the terms of the applicable instrument, or if the instrument is silent on the matter, by looking to State law. Morgan v. Commissioner, 309 U.S. 78, 80 (1940); Kean v. Commissioner, T.C. Memo. 2003-163; Gilbert v. Commissioner, T.C. Memo. 2003-92, affd. sub nom. Hawley v. Commissioner, 94 Fed. Appx. 126 (3d Cir. 2004).

Respondent contends that petitioner's payments to Mrs. Desauguste are not deductible as alimony because the language of their separation agreement states that the agreement is binding on the "heirs" of the agreement and, therefore, the payments would not be terminated upon Mrs. Desauguste's death.

In deciding whether the payments were alimony, the Court examines the language of the June Agreement to ascertain whether it contains a termination upon death condition, and, if it does not, whether State law supplies such a condition. Hoover v. Commissioner, 102 F.3d 842, 847 (6th Cir. 1996), affg. T.C. Memo. 1995-183; see Gonzales v. Commissioner, T.C. Memo. 1999-332; see also Cunningham v. Commissioner, T.C. Memo. 1994-474. State law determines certain rights of the parties, and Federal law determines the Federal income tax consequences of those rights.

Morgan v. Commissioner, supra at 80; Lucas v. Earl, 281 U.S. 111 (1930).

The June Agreement does not explicitly order that payments terminate upon Mrs. Desauguste's death, and, thus, the Court examines Florida law to determine whether the payments would terminate by operation of Florida law. Hoover v. Commissioner, supra at 847. When examining a matter of State substantive law, the Court will look to a State's highest court to determine the rights of parties under State law. See Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967).

The Supreme Court of Florida has clearly stated that "By weight of authority and in this state, alimony * * * terminates upon the death of either of the parties or upon the remarriage of the wife." In re Estate of Freeland, 182 So. 2d 425, 426 (Fla. 1965); see also O'Malley v. Pan Am. Bank, 384 So. 2d 1258 (Fla. 1980); Canakaris v. Canakaris, 382 So .2d 1197 (Fla. 1980). The Supreme Court of Florida has determined that an exception to this general rule applies where there is a contract or an agreement clearly evidencing the intention of the husband to bind his estate to continue payments in the nature of alimony after his death. In re Estate of Freeland, supra at 426; see also O'Malley v. Pan Am. Bank, supra at 1260.

Respondent argues that the provision in the June Agreement stating that the agreement was binding on the "heirs" of the

agreement indicated that petitioner or his estate might be liable to make payments to Mrs. Desauguste's estate after her death.

The Supreme Court of Florida requires very specific language in order for an agreement to fall into the exception to the general rule that alimony terminates upon the death of either spouse. Compare Underwood v. Underwood, 64 So. 2d 281 (Fla. 1953) and Johnson v. Every, 93 So. 2d 390 (Fla. 1957), with O'Malley v. Pan Am. Bank, supra.

Considering the Florida cases, the Court finds the provision in petitioner's June agreement to be ambiguous. This Court declines to read the provision in petitioner's June Agreement so broadly as to constitute a requirement that petitioner continue to make alimony payments to Mrs. Desauguste's estate after her death. See Pettid v. Commissioner, T.C. Memo. 1999-126. Therefore, under the Florida rule, the payments to Mrs. Desauguste would terminate upon petitioner's death or upon Mrs. Desauguste's death, whichever occurs earlier. The requirement of section 71(b)(1)(D) is satisfied because there is no liability for petitioner to make any payments of any kind to Mrs. Desauguste's estate after her death. The Court concludes that petitioner is entitled to a deduction for alimony paid to Mrs. Desauguste.

2.   <u>Addition to Tax for Failure To Timely File</u>

Under section 7491(c), respondent has the burden of production in any court proceeding with respect to the liability of any individual for any penalty or addition to tax. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001).  In order to meet his burden of production, respondent must come forward with sufficient evidence indicating that it is appropriate to impose the addition to tax for failure to timely file in this case. <u>Id.</u> at 446.  Once respondent meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade a court that respondent's determination is incorrect. <u>Id.</u> at 447.

Respondent contends that petitioner is liable for an addition to tax pursuant to section 6651(a)(1).  Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due date, determined with regard to any extension of time for filing previously granted.  The addition equals 5 percent for each month that the return is late, not to exceed 25 percent. Sec. 6651(a)(1).  Additions to tax under section 6651(a)(1) are imposed unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. <u>Id.</u>; <u>Crocker v. Commissioner</u>, 92 T.C. 899, 912 (1989).  "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence. <u>United States v. Boyle</u>, 469 U.S. 241, 246 (1985).  "Willful neglect" is

defined as a "conscious, intentional failure or reckless indifference." Id. at 245.

Petitioner's 1999 return was filed on August 30, 2000. Having failed to address this issue at trial, petitioner has not proven he had reasonable cause or a lack of willful neglect. Therefore, the Court sustains respondent's determination as to the section 6651(a)(1) addition to tax.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

under Rule 155.