ORFINGER, Judge.
The former husband appeals a final order construing a provision of the final judgment dissolving their marriage, as requiring him to name his former wife as beneficiary of a life insurance policy on his life. Finding nothing in the judgment or in the record which can sustain that order, we reverse.
In July of 1981, the circuit court entered a final judgment dissolving the marriage between these parties. The judgment was entered pursuant to a negotiated property settlement, and required that the husband pay to the wife monthly payments of alimony until “she dies or remarries.”[1] The husband was also required, as he had agreed to do, to make monthly payments of child support for the parties’ minor son and to finance the boy’s college education. At issue here is the interpretation of Paragraph 6 of the final judgment, which states:
6. As long as the Husband is required to pay alimony and support to the Wife and child as set forth herein, he shall keep in effect a current life insurance policy having a minimum face value of $200,000.00. The Husband shall furnish the Wife written proof of the payment of the premiums within thirty (30) days of the due date. The Husband will waive any commissions due him on Phoenix Mutual Life Insurance Policies owned and paid by the wife.
Prior to the divorce, the husband had maintained on his life a policy of insurance with a face value of $200,000, in which his *172 wife was named as beneficiary. Subsequent to the divorce, the husband changed the beneficiary to a trust. The trust agreement provided for payments of alimony to the wife for as long as she was entitled to receive them and also provided for the required child support payments as well as the costs of the minor son’s college education. When the wife’s entitlement to alimony ceased, the trust would pay the in-' come to the parties’ minor child until he reached the age of 35, at which time he would receive the remaining corpus of the trust.
The wife filed a petition for rule to show cause why the husband should not be held in contempt for failing to comply with Paragraph 6 of the final judgment of dissolution, contending that the husband was required to name her as beneficiary of the policy. The court below agreed and, although it did not find the husband in willful contempt, ordered him to name his former wife as beneficiary of the policy.
There is nothing in the final judgment which supports that interpretation of Paragraph 6. The husband had agreed to purchase and maintain a life insurance policy for “[a]s long as the Husband is required to pay alimony and support to the Wife and child as set forth herein.” (Emphasis added).
The husband’s only obligation was to pay $1,500 per month in alimony plus $500 monthly in child support and appropriate college expenses. That is exactly what the trust was required to pay at such time as it became funded with the proceeds of the life insurance policy. By establishing the trust, the husband created a vehicle by which his obligations under the final judgment would be satisfied. Nothing in the final judgment suggests that the wife was entitled to a windfall award of $200,000 upon the death of the husband, yet this is precisely the result of requiring the husband to name his wife as beneficiary. Assuming as we do that the husband’s estate would be obligated for continuing periodic alimony payments until the wife died or remarried, there is nothing in the court’s order which would relieve the estate of that obligation should the wife receive the policy proceeds. Neither would such payment assure that the minor child would receive his support payment or the financing of his college education, which the husband had promised to pay. No such result was contemplated by the final judgment of dissolution.
The former husband fully complied with the terms of the final judgment when he provided a method by which the insurance policy would fulfill his obligations after his death. There was no authority for the requirement that he name his former wife as beneficiary.
REVERSED.
COBB, J., and HARRIS, C.M., Associate Judge, concur.

. An obligation to pay alimony ceases upon the death of the obligor, unless that person expressly agrees that his estate shall be bound to continue to pay alimony after his death. In re Estate of Freeland, 182 So.2d 425 (Fla.1965). An agreement which obligates the paying spouse to make periodic alimony payments "until the death or remarriage” of the recipient spouse is not sufficient to obligate the estate of the paying spouse to make payments after the paying spouse’s death. There must be express language that indicates such intention. O'Malley v. Pan American Bank of Orlando, 384 So.2d 1258 (Fla. 1980). There is nothing in the final judgment of dissolution here which would obligate the husband’s estate to continue making payments of alimony after his death, but both parties assume this requirement to exist, so perhaps there was something in the settlement agreement which imposed that obligation. We have not requested that the settlement agreement be made a part of the record on appeal because it is not necessary for our decision in this case. We will assume for the purposes of this decision, as the parties have, that the husband agreed to obligate his estate for alimony payments as well as child support and college expense payments, after his death.