509 So.2d 364 (1987)
Chester CLARK, Jr., Appellant,
v.
Sharon S. CLARK, Appellee.
Nos. 85-2268, 4-86-0758.
District Court of Appeal of Florida, Fourth District.
June 17, 1987.
Rehearing Denied July 27, 1987.
*365 Douglas de Almeida and Douglas Jovanovic of Law Offices of Russell L. Forkey, P.A., Fort Lauderdale, for appellant.
Stephen M. Bell of Stephen M. Bell, P.A., Plantation; and Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellee.
GUNTHER, Judge.
Husband appeals the final judgment of dissolution of marriage and the subsequent final judgment for attorney's fees and costs.
We affirm both judgments in all respects except we agree with the husband's contention that the trial court erred in ordering that his estate be obligated to pay permanent periodic alimony to his former wife if he predeceases her. Accordingly, we reverse and remand for the trial court to amend the final judgment.
The well-established rule is that an obligation to pay alimony ceases upon the death of the obligor, unless that person expressly agrees that the estate shall be bound to continue to pay alimony after his death. O'Malley v. Pan American Bank of Orlando, N.A., 384 So.2d 1258 (Fla. 1980). The wife, however, asserts that the continued vitality of that judicial rule is in serious doubt as a result of the amendment to section 61.08, Florida Statutes (effective January 1, 1985). According to the wife, the trial court's authority to order that her permanent periodic alimony shall be chargeable against her former husband's estate is permitted by the following statute:
To the extent necessary to protect an award of alimony, the court may order any party who is ordered to pay alimony to purchase or maintain a life insurance policy or a bond, or to otherwise secure such alimony award with any other assets which may be suitable for that purpose.
Section 61.08(3), Florida Statutes (1985). She maintains that, although the statute does not specifically authorize such an award, the statute can be construed to give the trial court discretion to award a spouse permanent periodic alimony that shall become chargeable against the estate of the former spouse.
We disagree with the wife's interpretation of section 61.08(3), Florida Statutes (1985). Clearly, the language of the statute only authorizes a trial court to order, to the extent it is necessary to protect the award of alimony, that a spouse purchase or maintain a life insurance policy or a bond, or secure the alimony award with other assets. Section 61.08(3), Florida Statutes (1985).
In the instant case, it is apparent that the trial court did not exercise any of these statutory options. However, it is equally apparent that the trial court was concerned with providing the wife with security to protect the alimony award after the husband's death, in light of her poor health and lack of employability. Therefore, the trial court, at its discretion, may amend the final judgment to protect the alimony award as authorized by section 61.08(3), Florida Statutes (1985).
Affirmed in part; reversed in part; and remanded.
LETTS and GLICKSTEIN, JJ., concur.