510 So.2d 369 (1987)
Thomas F. GEPFRICH, Appellant/Cross Appellee,
v.
Marjorie Lois GEPFRICH, Appellee/Cross Appellant, and
Quality Construction Co., Inc., Etc., et al., Appellees.
No. 4-86-0771.
District Court of Appeal of Florida, Fourth District.
July 29, 1987.
Larry Klein and Julie Pressly of Klein & Beranek, P.A., West Palm Beach, and Patterson & Maloney, Fort Lauderdale, for appellant/cross-appellee.
James Fox Miller of Miller and Schwartz, P.A., Hollywood, for appellee/cross-appellant.
STONE, Judge.
This is an appeal from a final judgment of dissolution of marriage. The husband contends that the trial court abused its discretion in awarding the wife alimony and child support beyond his ability to pay, and in requiring that he maintain life insurance to secure the payment of rehabilitative alimony.
The parties, both 41 years old, were married for ten and a half years, and had one minor child. The children of their prior marriages are emancipated. The wife has *370 a degree in education, but her teaching certificate has expired, as she has not worked out of the home for several years. The husband is a builder, whose 50% interest in a construction business was valued by the court at $550,000. His income is well in excess of $100,000 per year, and in addition, he regularly has drawn funds from the business, which he characterizes as loans. He has numerous other business benefits, including pension and profit sharing plans.
The couple's lifestyle has reflected the husband's success. In addition to his one-half interest in a yacht, the trial court found noteworthy the fact that the husband was driving a new Porsche at the commencement of the action, and a new Mercedes worth $60,000 at the time of its conclusion. He also owned several condominium units and a Winnebago camper. The parties lived in an expensive home, encumbered by a large mortgage. Substantially all of their assets were acquired during the marriage.
The trial court made findings as to the needs of the wife and child, directing the husband to pay child support of $1,500 per month, and rehabilitative alimony of $3,500 per month for seven years, terminable upon the wife's remarriage or the death of either party. As partial equitable distribution of the assets accumulated during the marriage, the wife was awarded as lump sum alimony the husband's interest in the marital home, plus $270,000, payable in installments over three years. The husband was ordered to maintain life insurance equal to the outstanding balance of the lump sum and rehabilitative alimony. The trial court specifically rejected the wife's request that the husband's assets be encumbered to secure these obligations, in order that he might have "maximum flexibility." The husband retained all of his interest in his business, yacht, automobile, Winnebago, personal property, real property other than the home, and in his pension and profit sharing plans.
The husband contends that the award exceeds both his ability to pay and the wife's needs. See Parham v. Parham, 385 So.2d 107 (Fla. 3d DCA 1980); Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980). However, in this case there was extensive evidence to support the findings of the trial court. It may well prove difficult for the husband to meet all of his obligations out of current income. However, we need not speculate as to what sales or financing arrangements he will have to make in order to compensate the wife for her share of their property. The scheme and time chosen by the court leaves these options to the husband. We cannot say that this result constitutes an abuse of discretion. See Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
The husband also contends that the trial court erred in requiring him to maintain life insurance benefits payable to the wife in a sum equal to his outstanding support obligations, because these obligations terminate upon his death. See Linn v. Linn, 464 So.2d 614 (Fla. 4th DCA 1985) (in absence of obligation from husband to wife which survives the death of husband, it is error to require the husband to maintain life insurance for wife's benefit). He does not contest the insurance provision for the child support or lump sum alimony.
Section 61.08(3), Florida Statutes, effective January 1, 1985, provides in part:
To the extent necessary to protect an award of alimony, the court may order any party who is ordered to pay alimony to purchase or maintain a life insurance policy ...
There is no reason to limit the provisions of this section to lump sum alimony, or circumstances where the wife's rights do not terminate upon death, as suggested by the husband.
In Clark v. Clark, 509 So.2d 364 (Fla. 4th DCA 1987), this court authorized the trial judge, under the above statute, to secure the permanent periodic alimony award to the wife with life insurance in order to protect the alimony. In Sobelman v. Sobelman, 490 So.2d 225 (Fla. 2d DCA 1986), a distinction was recognized between an order that a spouse maintain life insurance *371 as a form of post mortem alimony, and an order that the spouse do so as security to protect the alimony awarded. See also Kooser v. Kooser, 506 So.2d 81 (Fla. 1st DCA 1987) (section 61.08(3) contemplates a factual setting in which there exists a need for security or protection of other alimony awarded the spouse). In this case it is clear that the purpose of the life insurance was to protect the alimony and support provisions of the judgment. Therefore there was no abuse of discretion in directing that the insurance be maintained.
With respect to the cross appeal issues, we find no abuse of discretion.
The final judgment is affirmed.
GLICKSTEIN and WALDEN, JJ., concur.