516 So.2d 7 (1987)
Alan SOBELMAN, Appellant,
v.
Goldie SOBELMAN, Appellee.
No. 86-3072.
District Court of Appeal of Florida, Second District.
October 30, 1987.
Rehearing Denied December 1, 1987.
*8 Daniel Joy, Sarasota, for appellant.
Kevin P. Smith of Ginsburg, Byrd, Jones & Dahlgaard, Sarasota, for appellee.
SCHOONOVER, Acting Chief Judge.
The appellant, Alan Sobelman, appeals an amended final judgment entered by the trial court after we remanded this matter to it with instructions in Sobelman v. Sobelman, 490 So.2d 225 (Fla. 2d DCA 1986) (Sobelman I). We find that under the facts of this case, the court erred in requiring the husband to maintain a $200,000 life insurance policy with the wife as beneficiary as security for the payment of permanent periodic alimony. We, accordingly, reverse and remand with instructions to strike the life insurance provision in the amended judgment.
In the original final judgment, the husband was ordered to pay his wife, Goldie Sobelman, permanent periodic alimony in the sum of $1250 per month. The wife was awarded the contents of the marital home as lump sum alimony. The husband was also required to maintain a life insurance policy in the amount of $200,000 with the wife as beneficiary. On appeal of the initial final judgment, this court was unable to determine if the policy was in existence at the time of the divorce hearing, if the provision concerning insurance was intended in itself to be lump sum alimony, or if it was intended as security for other alimony awarded to the wife. We, accordingly, remanded the matter to the trial court with directions to: "strike the life insurance aspect of the final judgment or to amend the judgment so that the life insurance award is proper under either the statutory provision or the pertinent decisional law." Sobelman I.
Upon remand, the trial court amended the life insurance provision in the final judgment to read: "As security for permanent, periodic alimony, the Husband shall maintain life insurance in the face amount of Two Hundred Thousand ($200,000.00) Dollars with the Wife as beneficiary." The husband filed a timely notice of appeal.
At oral arguments on this appeal, we were informed that the policy had never been purchased. The trial court, therefore, obviously could not have considered the policy a marital asset and distributed it as lump sum alimony with the requirement that the husband make the premium payments as permanent periodic alimony. See Stith v. Stith, 384 So.2d 317 (Fla. 2d DCA 1980).
*9 In reversing the trial court's life insurance provision in the amended judgment, we are not holding that life insurance may never be required as security for the payment of permanent periodic alimony. We agree with our sister court that there is no reason to limit the provisions of section 61.08(3), Florida Statutes (1985), to securing the payment of lump sum alimony. See Gepfrich v. Gepfrich, 510 So.2d 369 (Fla. 4th DCA 1987). The statute itself does not contain such a limitation. We, accordingly, hold that the court can order a spouse to maintain a life insurance policy which secures the payment of any arrearage in the payment of permanent periodic alimony that might be due at the time of the payor spouse's death. Dwyer v. Dwyer, 513 So.2d 1325 (Fla. 2d DCA 1987). The party requesting such a policy, however, must first establish the need for such security. Dwyer. Furthermore, although the court can order a spouse to maintain such a policy, the terms and conditions of the policy should be limited in such a manner that the receiving spouse will receive only what may reasonably be necessary to protect arrearages in alimony so that the actual effect of the insurance requirement is not to provide post mortem alimony. Sobelman I. The wife in this case did not establish the need for security for payment of permanent periodic alimony. Additionally, the required policy is not restricted so that it serves only as security for the award of permanent periodic alimony. If the provision were allowed to stand, the wife would be in a position to receive the face amount of the policy without regard to whether any of the alimony payments were in arrears at the time of the husband's death, and it is doubtful that the wife, or the court, would allow the husband to become $200,000 in arrears on his alimony payments if he had the ability to make the premium payments on such a policy.
We, accordingly, remand to the trial court with directions to strike the provision requiring the husband to maintain a $200,000 life insurance policy as security for the payment of permanent periodic alimony.
Reversed and remanded.
HALL and THREADGILL, JJ., concur.