523 So.2d 764 (1988)
Paul FIVEASH, Appellant,
v.
Carmen FIVEASH, Appellee.
No. BT-51.
District Court of Appeal of Florida, First District.
April 15, 1988.
Fletcher Fleming of Shell, Fleming, Davis & Menge, Pensacola, for appellant.
David H. Levin of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellee.
JOANOS, Judge.
Paul Fiveash appeals the final judgment rendered in this dissolution proceeding and raises four points for our review. After careful consideration of the record, we affirm on all four points.
We have determined that the following issue merits brief discussion: Whether the court erred in requiring the husband to maintain life insurance upon his life payable to the wife.
We agree with appellee that pursuant to section 61.08(3), Florida Statutes (1985),[1] a trial court may, where the circumstances warrant it, require a party who is ordered to pay alimony to purchase or maintain a life insurance policy to secure *765 such alimony. See Kooser v. Kooser, 506 So.2d 81 (Fla. 1st DCA 1987), and cases cited there (where this court affirmed the trial court's denial of wife's request that husband be ordered to purchase life insurance to protect his alimony obligation). In the instant case, the trial court specified in its order that the husband shall maintain an insurance policy of a minimum value of $75,000 to cover alimony payments in the event of his death.
In Clark v. Clark, 509 So.2d 364 (Fla. 4th DCA 1987), the district court determined that section 61.08(3) Florida Statutes, did not authorize a trial court to order that a former husband's estate was obligated to pay permanent periodic alimony to his former wife if he predeceased her. However, although the trial court in Clark did not express that wife's alimony needed protection, the district court determined that, like here, the trial court was concerned with providing the wife with security to protect her alimony after her husband's death in light of her poor health and lack of employability. 509 So.2d at 365. (emphasis supplied). Toward that end, the district court ordered that the trial court could amend the final judgment to reflect its intent to protect the alimony as authorized in section 61.08(3), Florida Statutes. 509 So.2d at 364. We believe that the legislature's purpose in enacting section 61.08(3), Florida Statutes (1985) was to provide the trial courts with the authority to secure payment of the alimony awarded up to the amount of the insurance policy required where the receiving party's circumstances warranted it, i.e., poor health or lack of employability. We do not ascribe to the belief that the legislature only intended such an insurance policy to cover any arrearages existing at the time of the paying spouse's death. The pertinent statute contains no such restriction, for it makes no mention of arrearages, or outstanding payments, but clearly states on its face that "to the extent necessary to protect an award (not just part of an award) of alimony, the court may order any party ... to purchase or maintain a life insurance policy or bond, or to otherwise secure such alimony award...." But see Sobelman v. Sobelman, 516 So.2d 7 (Fla. 2d DCA 1987); Dwyer v. Dwyer, 513 So.2d 1325 (Fla. 2d DCA 1987); Gepfrich v. Gepfrich, 510 So.2d 369 (Fla. 4th DCA 1987).
By requiring appellant to maintain a life insurance policy that will pay appellee alimony upon appellant's death, appellant's estate is not forced to pay postmortem alimony, for it is the insurance company to which appellant has been making payments that will be obligated to pay appellee. The payments made by appellant would terminate upon his death. This arrangement does not shift the alimony obligation to the deceased's estate. But see Benson v. Benson, 503 So.2d 384 (Fla. 3rd DCA 1987). The facts of the instant case reveal that appellee suffers from poor health and lack of employability, as did the wife in Clark. We find no error in the trial court's determination that appellee's alimony should be protected in light of the circumstances. However, in light of the conflicting interpretations of section 61.08(3), Florida Statutes (1985), in recent case law, and our belief that this issue raises a question of great public importance, we certify the following question to the Florida Supreme Court:
Does § 61.08(3) Florida Statutes (1985) authorize a trial court to require an alimony paying spouse to maintain a life insurance policy securing said alimony award, such that upon the death of the paying spouse the receiving spouse is only entitled to receive from the insurance the sum total of any existing alimony arrearages?
The trial court's judgment of dissolution is affirmed.
ERVIN and BARFIELD, JJ., concur.
NOTES
[1] Section 61.08, Florida Statutes (1985), provides in pertinent part:

61.08 Alimony 
(1) In a proceeding for dissolution of marriage, the court may grant alimony to either party, which alimony may be rehabilitative or permanent in nature. In any award of alimony, the court may order periodic payments or payments in lump sum or both.
....
(3) To the extent necessary to protect an award of alimony, the court may order any party who is ordered to pay alimony to purchase or maintain a life insurance policy or a bond, or to otherwise secure such alimony award with any other assets which may be suitable for that purpose. (emphasis supplied).