526 So.2d 1027 (1988)
E. Lamar McMATH, Husband, Appellant,
v.
Floannel Fuqua McMATH, Wife, Appellee.
No. BQ-63.
District Court of Appeal of Florida, First District.
June 16, 1988.
William H. Maness, Jacksonville, for appellant.
Lacy Mahon, Jr., of Lacy Mahon, Jr. and Mark H. Mahon, P.A., Jacksonville, for appellee.
SHIVERS, Judge.
This is an appeal from a final judgment of dissolution of marriage, in which the appellant/husband raises four issues: (1) that the trial court abused its discretion in the division of marital assets; (2) that the trial court abused its discretion in determining the amount of permanent periodic alimony; (3) that improper comments and questions made by the wife's attorney during the final hearing influenced the trial court; and (4) that the trial court erred in requiring the husband to maintain a life insurance policy naming the wife as beneficiary.
We find the first two issues to be without merit, as the division of marital assets and the award of alimony do not constitute an abuse of the trial court's discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The third issue is likewise without merit, as the record does not indicate that wife's attorney's questions and comments, even if we were to find them improper, had any effect on the trial court's division of assets or determination of alimony.
*1028 We affirm the fourth issue on the basis of our court's recent decision in Fiveash v. Fiveash, 523 So.2d 764 (Fla. 1st DCA 1988). As we did in Fiveash, we certify the following question to the Florida Supreme Court:
Does § 61.08(3) Florida Statutes (1985) authorize a trial court to require an alimony paying spouse to maintain a life insurance policy securing said alimony award, such that upon the death of the paying spouse the receiving spouse is only entitled to receive from the insurance the sum total of any existing alimony arrearages?
AFFIRMED.
BOOTH, J., and BOWER, N. RUSSELL, Associate Judge, concur.