NIMMONS, Judge.
Appellant husband appeals from a final judgment of dissolution of marriage, alleging that the trial court erred in (1) requiring appellant to secure the payment of alimony by an unencumbered life insurance policy naming the wife as beneficiary; and (2) ordering appellant to pay the wife’s attorney’s fees and costs. We affirm.
This court has recently held that under Section 61.08(3), Florida Statutes (1985),[1] a trial court may, where the circumstances so warrant, require a party who is ordered to pay alimony to purchase or maintain a life insurance policy to secure such alimony. Fiveash v. Fiveash, 523 So.2d 764 (Fla. 1st DCA 1988) and McMath v. McMath, 526 So.2d 1027 (Fla. 1st DCA 1988). Pursuant to this court’s recent decisions, the trial court’s requirement that appellant secure the payment of alimony by obtaining a life insurance policy was proper.
We also affirm on the second issue pertaining to the trial court’s ordering appellant to pay the wife’s attorney’s fees and costs.
AFFIRMED.
SMITH, C.J., and BOOTH, J., concur.

. Section 61.08(3), Florida Statutes (1985) provides in pertinent part:
(3) To the extent necessary to protect an award of alimony, the court may order any party who is ordered to pay alimony to purchase or maintain a life insurance policy or a bond, or to otherwise secure such alimony award with any other assets which may be suitable for that purpose.