537 So.2d 138 (1988)
Joseph Howard KEITH, Appellant,
v.
Linda KEITH, Appellee.
Nos. 87-3538, 88-764.
District Court of Appeal of Florida, Second District.
December 30, 1988.
Rehearing Denied January 27, 1989.
*139 Thomas J. Donnelly, Clearwater, for appellant.
Geneva Forrester of Geneva Forrester, P.A., St. Petersburg, for appellee.
LEHAN, Judge.
This is a consolidated appeal from a judgment of dissolution of marriage and an award of attorney's fees to the former wife. In the appeal from the judgment of dissolution, we find merit only in the former husband's contention that the requirement that he provide $150,000 in life insurance was not justified. As to the award of attorney's fees, we reverse and remand for compliance with Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).
The judgment states that "[t]he Husband is ordered to maintain or name the Wife as beneficiary of his life insurance policies in the amount of $150,000 and be responsible for the payment of all premiums due on these policies, until such time as the Husband's obligation to pay alimony ceases." Thus, the judgment was to require the maintenance of life insurance as security for alimony, as provided by section 61.08(3), Florida Statutes (1987). See Sobelman v. Sobelman, 490 So.2d 225, 226 (Fla. 2d DCA 1986) (Sobelman I). However, the life insurance was not shown to be, as required by section 61.08(3), "necessary to protect an award of alimony."
Since an obligation to pay periodic alimony does not survive the death of the obligor, O'Malley v. Pan American Bank of Orlando, N.A., 384 So.2d 1258 (Fla. 1980), and life insurance proceeds do not become payable until that time, section 61.08(3) should not be construed to mean that life insurance could ever be necessary to protect an award of periodic alimony unless to protect an obligation for arrearages in that type of alimony which, of course, does survive the obligor's death. See Longo v. Longo, 533 So.2d 791 (Fla. 4th DCA 1988); Sobelman v. Sobelman, 516 So.2d 7 (Fla. 2d DCA 1987) (Sobelman II). See also Turner v. Turner, 507 So.2d 170 (Fla. 5th DCA 1987); Benson v. Benson, 503 So.2d 384 (Fla. 3d DCA 1987).[1]Contra McMath v. McMath, 526 So.2d 1027 (Fla. 1st DCA 1988); Fiveash v. Fiveash, 523 So.2d 764 (Fla. 1st DCA 1988).[2] The other obligation *140 for alimony which survives the death of the obligor and which, therefore, life insurance could properly be required to protect under section 61.08(3) is lump sum alimony payable in the future. See Longo; Kooser v. Kooser, 506 So.2d 81, 82 (Fla. 1st DCA 1987).[3]
As this court said in Sobelman II, any insurance requirement under section 61.08(3) "should be limited in such a manner that the receiving spouse will receive only what may reasonably be necessary to protect arrearages in alimony so that the actual effect of the insurance requirement is not to provide post mortem alimony." 516 So.2d at 9. Since the permanent periodic alimony awarded in this case is $1,000 per month, the $150,000 life insurance requirement appears totally out of line with any necessity for protection against arrearages in that respect. Id. See also Dwyer v. Dwyer, 513 So.2d 1325, 1327 (Fla. 2d DCA 1987) (life insurance approved to secure an amount of alimony arrearages equal to the amount of periodic alimony payable during one year).
The judgment also contains an award to the wife of various assets as "equitable distribution, and/or lump sum alimony." That award, which later in the judgment is identified only as equitable distribution, does not appear to be lump sum alimony which could properly be the subject of insurance protection under 61.08(3). In any event, since the award was of assets apparently to be transferred shortly after entry of the judgment and there was, as a part of the award, no money to be paid in the future, there is shown to be no necessity for life insurance protection in this regard.
Similar to our disposition of Sobelman I, we remand with the direction to amend the judgment to include a reasonably necessary life insurance requirement and a finding in support thereof, see Superdock v. Superdock, 493 So.2d 89 (Fla. 4th DCA 1986), or to remove that requirement from the judgment.
As to the award of attorney's fees, the trial court did not make the findings required by Rowe. Although we do not conclude that the record establishes reversible error in the amount of fees awarded, we remand for entry of an order containing the requisite findings. See Clarkson v. U.S. Home Corp., 529 So.2d 711 (Fla. 2d DCA 1988); De Loach v. Westman, 506 So.2d 1142 (Fla. 2d DCA 1987).
Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
RYDER, A.C.J., and PARKER, J., concur.
NOTES
[1] Also, Gepfrich v. Gepfrich, 510 So.2d 369 (Fla. 4th DCA 1987), is consistent with our conclusion that under section 61.08(3) life insurance protecting periodic alimony may only protect arrearages. Gepfrich approved life insurance to secure an amount of periodic rehabilitative alimony which was described in that case as only the "outstanding balance" thereof. See Longo, at 795. To the extent other language in Gepfrich, and also language in Clark v. Clark, 509 So.2d 364 (Fla. 4th DCA 1987), may be read to authorize life insurance to protect periodic alimony obligations in excess of anticipated arrearages, see Longo, at 795 (Stone, J., dissenting), that language is dicta. In any event, in Longo the Fourth District Court of Appeal, sitting en banc, clearly indicated that any such Gepfrich and Clark dicta did not express the position of that court. 533 So.2d at 795.
[2] Legislative history of section 61.08(3) which we have obtained from the Florida State Archives does not show which of the above cited cases  those from the First District or those from the Second and Fourth Districts  accurately reflect the legislative intent behind that section. See, e.g., House Staff Analysis, Committee on Judiciary, House Bill 114 (1984).
[3] The type of circumstance other than that provided by section 61.08(3) in which the maintenance of life insurance which has not been agreed to by the obligor may be required in a dissolution of marriage judgment is not applicable here. That circumstance is, as stated in Sobelman I, "where life insurance is intended as lump sum alimony with premium payments to be permanent periodic alimony." 490 So.2d at 226.