OVERTON, Justice.
We have for review Shimek v. Shimek, 532 So.2d 686 (Fla. 1st DCA 1988), in which the district court, upon the former husband’s petition for rehearing, certified the following question:
Does § 61.08(3), Florida Statutes (1985) authorize a trial court to require an alimony paying spouse to maintain a life insurance policy securing said alimony award, such that upon the death of the paying spouse the receiving spouse is only entitled to receive from the insurance the sum total of any existing alimony arrearages?
Id. at 687. We have jurisdiction, article V, section 3(b)(4), Florida Constitution.
We answer this question in the negative in accordance with our recent decision in Sobelman v. Sobelman, 541 So.2d 1153 (Fla.1989), in which we concluded that section 61.08(3) allows broader use of life insurance policies than just to compensate for existing alimony arrearages. In considering a similar factual situation in Sobel-man, we specifically held that section 61.-08(3) “permits the trial court to order an obligated spouse, as an integral part of the equitable distribution and support scheme, to purchase life insurance or other security either to satisfy arrearages or to otherwise protect the receiving spouse in appropriate circumstances.” .Id. at 1154-55 (emphasis added). Accordingly, we answer the certified question in the negative and approve the decision of the district court.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.