ALTENBERND, Judge,
concurring.
I fully concur in the court’s per curiam affirmance, but write to express concern that the legislature and the appellate courts have given little guidance to the trial courts about the appropriate function of life insurance as an aspect of alimony. Without such guidance, it is difficult for a trial court to know whether it has discretion to require a former spouse to secure life insurance, and it is equally difficult for an appellate court to know whether discretion has been abused. While I believe this case demonstrates the nature of the problem, I concur in the per curiam affirmance because I am not convinced that these facts provide an adequate foundation on which to base any rules regulating trial courts’ discretion.
The final judgment of dissolution requires the former husband to maintain an existing $200,000 group life insurance policy on his life with his former wife as the sole beneficiary. The required life insurance does not protect the wife merely from the husband’s unpaid obligations should he die. Instead, upon his death, she is entitled to receive the proceeds of the policy under any circumstances. The requirement ceases if the wife dies or remarries. The husband is obligated to replace the policy if he changes employers. Thus, the policy has been required under the broader definition of “security” contained in Sobelman v. Sobelman, 541 So.2d 1153 (Fla.1989). See § 61.08(3), Fla.Stat. (1991).
In Sobelman, the supreme court held that life insurance could be required as an aspect of alimony in a divorce judgment “in appropriate circumstances.” The range of circumstances that make such life insurance appropriate is not clear to me. The circumstances in this case, for example, probably would not satisfy then Chief Justice Ehrlich’s proposed requirement that the insurance be “an integral part of the equitable distribution and support scheme, not something additional provided to the receiving spouse.” Id. at 1155 (Ehrlich, C.J., concurring specially).
*592 In this case, the parties are both approximately 45 years old and have no minor children. The trial court has ordered the husband to pay the wife $625 in monthly rehabilitative alimony for three years, and $1,833 in monthly permanent periodic alimony. She will not receive any deferred lump sum alimony or any delayed equitable distribution that would require security. In the equitable distribution, she has received a $50,000 interest in a home, liquid assets valued well in excess of $50,000, and retirement accounts valued in excess of $75,000. There is no evidence that she has any significant debts.
The wife’s earning capacity, even after her rehabilitation, will not provide enough income for her to live at or even near the life-style established during the marriage. The trial court essentially required the husband, who is apparently in good health, to pay an additional $40 each month in life insurance premiums to financially protect his former wife should he have the misfortune to predecease her. I see no abuse of discretion in this decision.
Nevertheless, if the wife’s limited earning capacity is a sufficient basis for an award of life insurance in this case, then it appears that such awards may be appropriate in many, if not most, cases in which a former spouse receives permanent alimony. When a marital relationship is irretrievably broken, I can foresee both benefit and detriment arising from a public policy that requires a former spouse to permanently maintain term life insurance with ever-increasing premiums to protect the financial security of the other party. In deciding Sobelmcm, I am not certain that the supreme court intended to make such life insurance the rule rather than the exception.