MICKLE, Judge.
Stephen Reiss (“Appellant”), the former husband, appealed from a final judgment of dissolution of marriage, findings of fact and conclusions of law, and a subsequent order that determined, in pertinent part, 1) that Appellant’s “signing bonus” was a marital asset subject to equitable distribution (Issue II) and 2) that the payment of permanent periodic alimony to Elaine Reiss (“Appel-lee”), the former wife, would not terminate upon her remarriage (Issue I). On appeal, Appellee concedes error as to the continuation of the former husband’s alimony obligation beyond remarriage. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980); Chaachou v. Chaachou, 135 So.2d 206, 221 *269 (Fla.1961). For that reason, we direct the trial court to strike the language in the final judgment providing that “such alimony payments shall NOT terminate upon the remarriage of the wife.” Otherwise, the record supports the result. We find no abuse of discretion in the trial court’s failure to order life insurance benefits to secure the former wife’s alimony and equitable distribution awards. § 61.08(3), Fla.Stat. (1991); Sobelman v. Sobelman, 541 So.2d 1153, 1154 (Fla.1989). Accordingly, we AFFIRM the final judgment of dissolution as revised by the subsequent order in all respects other than to direct the trial court to strike the language providing for alimony beyond the former wife’s remarriage.
WEBSTER, J., concurs.
BENTON, J., concurs and dissents with written opinion.