ERVIN, Judge.
This is an appeal and cross-appeal from a supplemental final judgment entered on remand following this court’s decision in Thibault v. Thibault, 632 So.2d 261 (Fla. 1st DCA 1994). We affirm all points raised with the following three exceptions.
The trial court correctly found that the former wife’s deferred compensation plan was a marital asset, because all the contributions made to it were from marital funds. The court erroneously found, however, that no value had been assigned to the plan at the time the petition for dissolution was filed and further erred by assigning a 1992 value and awarding the former husband a credit for the entire 1992 value.
Section 61.075(4), Florida Statutes (1989), provides that the date for determining the value of the marital assets and liabilities is the earliest of the date the parties entered into a separation agreement, a date agreed on by the parties, or the date the petition was filed, unless the trial judge determines another date is just and equitable under the circumstances. The petition for dissolution was filed in August 1989, and the wife’s public disclosure form for 1989 clearly indicates that her deferred compensation plan was worth $24,950. Thus, the record fails to support the judge’s finding that no value had been assigned to the plan in 1989. Moreover, as the former wife was required to withdraw certain sums from the plan during 1991 and 1992 for living expenses, because the former husband refused to pay court-ordered support, it would be unjust and inequitable to assign a 1992 value to the asset. Finally, the trial court sought to divide the assets equally between the parties; therefore, its award of a credit representing the entire value of the deferred compensation plan to the former husband is inconsistent with an equal division of the assets. The trial court is therefore directed on remand to value the former wife’s deferred compensation plan at $24,950 and to award the former husband a credit of one-half of that amount.
The second ruling requiring reversal involves the trial court’s award of a $97,691 credit to the former husband in connection with a closely held Subchapter S corporation known as File Minders. The trial court correctly determined that the corporation was a marital asset, in that both parties contributed money and effort to the corporation. The $97,691 credit represents corporate taxes the former husband paid for 1990 ($13,945) and 1991 ($2,646), and amounts the former wife withdrew ($81,100) after the 1992 ruling which transferred the corporation solely to the former wife. We agree that the former husband is entitled to a credit for the amounts withdrawn by the former wife, in that the corporation was ultimately determined to be a marital asset and the parties agreed to value the corporation in accordance with the proceeds received irom its sale following remand. We do not agree, however, that the former husband is permitted a credit for corporate taxes he paid in 1990 and 1991, because he was a stockholder at that time and entitled to the corporation’s income. See Sohacki v. Sohacki 657 So.2d 41 (Fla. 1st DCA 1995); Zipperer v. Zipperer, 567 So.2d 916 (Fla. 1st DCA 1990), review denied, 581 So.2d 1312 (Fla.1991). The trial court is therefore directed on remand to award the former husband a credit of only $81,100 in the dis *239 tribution of the proceeds from the sale of File Minders.
The third point requiring reversal is the trial court’s ruling in regard to the parties’ vehicles. The court found that each party owned a vehicle worth $10,000 at the time the petition was filed and that the vehicles offset each other. The record discloses, however, that the former wife owned a vehicle valued at $10,000 at the time the petition was filed, which was free from encumbrances, but that the former husband owned a vehicle worth $10,500, which was subject to a lien in the amount of $7,725.81. Thus, the record does not support a finding of equal value, thereby justifying an offset. The trial court is accordingly directed on remand to award the former husband a credit for the balance outstanding on his vehicle.
We have considered all remaining points raised by the parties and have found no other source of reversible error.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.
WEBSTER and LAWRENCE, JJ., concur.