695 So.2d 391 (1997)
Bruce E. HEDENDAL, Appellant,
v.
Ellen C. HEDENDAL, Appellee.
No. 95-3792.
District Court of Appeal of Florida, Fourth District.
April 9, 1997.
*392 Scott A. Mager and Prince A. Donnahoe of Mager & Associates, P.A., Fort Lauderdale, for appellant.
Steven Pesso of Valerie G. Kanouse, P.A., Boca Raton, for appellee.
MAY, MELANIE G., Associate Judge.
A buffet of issues has been served for this appeal. It once again illustrates the difficult task given to trial judges to divide and conquer the multiple financial issues raised in the divorce of a wealthy couple with children. We compliment the trial judge for sorting through the menu of issues presented. The appellant/husband has raised nineteen issues in this appeal, only two of which demand attention.
This divorce involved the distribution of numerous assets and consideration of competing interests and points of view. As an appetizer, we address the trial court's requirement that the husband maintain life insurance sufficient to cover both alimony and child support. The trial court ordered the following:
K. The Husband shall maintain a policy of life insurance for the benefit and security of the children, with a new death benefit of one million dollars ($1,000,000.00). This is for an additional contribution to the support and maintenance of the children. It shall be continuously maintained until such time as the Husband is no longer legally obligated to contribute to the support of the children, pursuant to Paragraph 7 of the decretal portion of this Order.
L. The Husband shall continue to maintain the present policy of life insurance with a minimum death benefit of One Million Five Hundred thousand Dollars ($1,500,000.00) for the benefit of the Wife, to secure her alimony.
We find the order as it concerns insurance for the wife's alimony to be an abuse of discretion and reverse the judgment with directions to delete the requirement of maintaining life insurance for the benefit of insuring the wife's alimony. A trial court may order life insurance to protect child support and alimony. Sobelman v. Sobelman, 541 So.2d 1153 (Fla.1989). Such an award, however, is not automatic. It "is justified only if there is a demonstrated need to protect the alimony recipient." Privett v. Privett, 535 So.2d 663, 665 (Fla. 4th DCA 1988). There is no such finding in either the record or the trial court's order in this case. Furthermore, the amount of insurance required to be maintained for purpose of child support should be reduced to the amount of child support due, which appears to be substantially less than the $1,000,000.00 required by paragraph K of the Judgment.
The main course involves the distribution of assets and the accountability of funds in a jointly held Charles Schwab account. The trial court assessed the fund at $63,580 and divided this amount equally between the husband and the wife. However, by the date of the final judgment, $24,000 had been removed by the husband to set up an educational *393 account to benefit the elder son Lief and another $25,000 had been spent by the husband to redecorate his office. Yet, these amounts were not deducted from the $63,580 before dividing the fund equally.
The equitable distribution schedule further reflects that the trial court listed the monies put into Lief's educational fund as a $25,000 asset of the husband. In essence, the asset was assessed against the husband twice, which constitutes error. Watson v. Watson, 683 So.2d 534 (Fla. 4th DCA 1996). Furthermore, the husband should not be assessed the $24,000 in the educational fund as the monies are in an irrevocable trust for the benefit of the son and cannot be reached by the husband. See generally Akers v. Akers, 582 So.2d 1212 (Fla. 1st DCA), rev. denied, 592 So.2d 679 (Fla.1991); and Knecht v. Knecht, 629 So.2d 883 (Fla. 3rd DCA 1993), rev. denied, 644 So.2d 1041 (Fla.1994). The trial court also indicated the amount as $25,000 instead of $24,000, which should be corrected. Burk v. Burk, 666 So.2d 953 (Fla. 1st DCA 1996).
The husband's expenditure of $25,000 from this fund for redecorating his office should have been deducted from the fund before assessing each party with half of $63,580. As the valuation of the husband's business should have already included this $25,000, it should not have been assessed twice by not deducting it before the fund was divided in half. See generally Thibault v. Thibault, 668 So.2d 237 (Fla. 1st DCA 1996). To this extent, the distribution of the Schwab Account must be recalculated to delete both the $24,000 set aside in the educational fund and the $25,000 spent for redecorating prior to assessing each spouse with half of the remaining assets in the Fund. These changes will require the trial court to review the distribution of assets to achieve the proper balance.
Reversed and remanded for recalculation of the distribution of assets and maintenance of life insurance consistent with this opinion.
DELL and PARIENTE, JJ., concur.