PER CURIAM.
On rehearing of the final judgment of dissolution, the trial court clarified the judgment. It limited the provision requiring the husband to provide life insurance so that it only provided security for alimony arrearages, relying on Keith v. Keith, 537 So.2d 138 (Fla. 2d DCA 1988). Keith held that a life insurance requirement may be imposed only to secure potential alimony arrearages. 537 So.2d at 139-40. However, Keith relied on Sobelman v. Sobelman, 516 So.2d 7 (Fla. 2d DCA 1987), which was reversed by the supreme court in Sobelman v. Sobelman, 541 So.2d 1153 (Fla.1989). The supreme court held that “section 61.08(3) permits the trial court to order an obligated spouse, as an integral part of the equitable distribution and support scheme, to purchase life insurance or other security either to satisfy arrearages or to otherwise protect the receiving spouse in appropriate circumstances.” Id. at 1154-55 (emphasis added).
*1235 We therefore reverse and remanded for consideration of whether other appropriate circumstances required the husband to maintain life insurance.
POLEN, C.J., WARNER and GROSS, JJ., concur.