845 So.2d 968 (2003)
Danielle FORGIONE, as the Personal Representative of the Estate of Anthony Forgione, Appellant,
v.
Deborah Ann FORGIONE, Appellee.
No. 4D01-4392.
District Court of Appeal of Florida, Fourth District.
May 21, 2003.
*969 Kenneth A. Gordon, Juliette E. Lippman, Roberta G. Stanley, and Thomas R. Tatum of Brinkley, McNerney, Morgan, Solomon & Tatum, LLP, Fort Lauderdale, for appellant.
Jeanne C. Brady of Brady & Brady, P.A., Boca Raton, and Steven M. Pesso of Steven M. Pesso, P.A., Boca Raton, for appellee.
GROSS, J.
Deborah Forgione and Anthony Forgione were married on March 8, 1975. A final judgment of dissolution was entered on March 22, 2001. The judgment observed that the "Husband has serious health problems." The husband died the next day. As the personal representative of her father's estate, Danielle Forgione timely appealed the final judgment.
The estate challenges the provision in the final judgment requiring the husband to maintain a life insurance policy with a minimum death benefit of $1,000,000.00 naming the wife as beneficiary, to secure the alimony award.
Section 61.08(3) provides that "[t]o the extent necessary to protect an award of alimony, the court may order any party who is ordered to pay alimony to purchase or maintain a life insurance policy or a bond, or to otherwise secure such alimony award with any other assets which may be suitable for that purpose." § 61.08(3), Fla. Stat. (2001); see also Sobelman v. Sobelman, 541 So.2d 1153, 1154 (Fla.1989) (allowing trial court to order a spouse to maintain a life insurance policy for the protection of the other spouse's support, even in the absence of any arrearage).
An order requiring a spouse to maintain a life insurance policy to secure alimony "is justified only if there is a demonstrated need to protect the alimony recipient." Moorehead v. Moorehead, 745 So.2d 549, 552 (Fla. 4th DCA 1999) (quoting Privett v. Privett, 535 So.2d 663, 665 (Fla. 4th DCA 1988)). Generally, a trial judge "should" make a finding of need before entering an order requiring the maintenance of a life insurance policy. Id. (citing Hedendal v. Hedendal, 695 So.2d 391, 392 (Fla. 4th DCA 1997)); see also Israel v. Israel, 824 So.2d 953, 953-54 (Fla. 4th DCA 2002) (requiring reversal and remand where trial court failed to make findings of the need to secure child support and alimony payments, the amount of insurance needed to secure these payments, and the cost of such insurance). Further, the estate is correct that "[i]n the absence of special circumstances, a spouse cannot be required to maintain life insurance for the purposes of securing support obligations." Baker v. Baker, 763 So.2d 493, 494-95 (Fla. 4th DCA 2000).
Substantial competent evidence in the record supports the conclusion that the *970 wife had the need to protect the alimony award and that there was a special circumstance warranting that the husband maintain a policy to secure the alimony. See Moorehead, 745 So.2d at 552 (noting appellate court, in the absence of written findings, can still look to the record to see if there is sufficient evidence demonstrating the need for life insurance to secure alimony); Hedendal, 695 So.2d at 392 (finding that appellate court can look to either trial court's order or to the record to see if there is a demonstrated need to protect the alimony recipient with life insurance).
Concerning the wife's need, she was of limited employability. She worked for her husband's business throughout the marriage. She was forty-eight years old, and without a college education. The trial court found that the wife could earn $20,000 annually and that her monthly expenses of $5,262 were reasonable. She had few other assets. The alimony was necessary to enable the wife to maintain her reasonable standard of living. Thus, her need for the policy is supported by the trial court's findings of fact, notwithstanding the absence of specific findings in the final judgment regarding the need for life insurance.
Likewise, at the time of the final judgment, the husband was scheduled for open heart surgery within the week. Given the husband's serious health problems, the wife demonstrated a special circumstance to require the husband to maintain life insurance on her behalf. See, e.g., Sobelman, 541 So.2d at 1154 n. 1 (citing with approval to previous cases requiring husband to purchase life insurance to secure alimony where wives were in ill health and unable to obtain employment); Edwards v. Edwards, 730 So.2d 711 (Fla. 4th DCA 1999) (wife suffering from chronic back problems and multiple sclerosis-type symptoms was entitled to be beneficiary of husband's life insurance policy); Richardson v. Richardson, 722 So.2d 280, 281-82 (Fla. 5th DCA 1998) (trial court erred in refusing to require husband to secure alimony with life insurance, where wife would be left with only $400 per month without the alimony award); Sasnett v. Sasnett, 679 So.2d 1265, 1268-69 (Fla. 2d DCA 1996) (alimony-paying husband's sudden demise would "seriously jeopardize the wife's well-being, both financially and healthwise").
We agree with the estate that a deficiency in the final judgment requires reversal. When requiring an ex-spouse to maintain or obtain a life insurance policy, the trial court must consider the cost and financial impact on the paying spouse. Thus, in Knight v. Knight, 746 So.2d 1117 (Fla. 4th DCA 1999), a judgment required a husband to maintain a life insurance policy to secure child support. Id. at 1120. The husband was fifty years old and had recently undergone open heart and back surgery; whether he could "secure affordable life insurance [was] questionable." Id. In reversing, we noted that the trial court had failed to ascertain the availability and cost of life insurance. Id. at 1117; see also Guerin v. DiRoma, 819 So.2d 968, 969-70 (Fla. 4th DCA 2002) (trial court failed to make the requisite findings to justify ordering husband to secure life insurance, where there was insufficient evidence presented regarding husband's insurability or what the cost of insurance would be); Cozier v. Cozier, 819 So.2d 834, 837 (Fla. 2d DCA 2002) (reversing requirement that husband maintain life insurance policy where there was no evidence of the cost of such a policy or whether the husband could afford it); Lopez v. Lopez, 780 So.2d 164, 165 (Fla. 2d DCA 2001) (noting that "there may be an insurability question" because the husband had an artificial heart valve previously inserted); Zimmerman v. Zimmerman, 755 So.2d 730 (Fla. *971 1st DCA 2000) (record fails to contain any evidence regarding cost and availability of life insurance policy and the financial impact of award on the paying spouse).
Given the state of the husband's health at the time of the final judgment, nothing in the record demonstrates the availability or cost of life insurance to secure the alimony award.
This reversal is without prejudice to further proceedings. A short time after the final judgment, the wife filed a motion for relief from the final judgment. One basis for the motion was that the husband fraudulently misrepresented his ownership interest in existing life insurance policies. The final judgment is filled with findings that the husband had been untruthful and deceptive throughout the course of the parties' separation and litigation. Whether the husband misrepresented his interest in insurance policies during the dissolution is the type of factor the court may consider on remand.
Reversed and remanded.
KLEIN and TAYLOR, JJ. concur.