SALCINES, Judge.
Thomas Theodore Watrous, the Former Husband, appeals the final judgment dissolving his marriage to Nancy J. Watrous, the Former Wife. We affirm in part, reverse in part, and remand.
In this appeal the Former Husband argues that the trial court committed reversible error by utilizing portions of a proposed final judgment submitted by the Former Wife. He also challenges the manner in which the trial court secured the alimony payments. We affirm in all respects without discussion except for the portion of the final judgment that requires the Former Husband to secure the award of alimony with an annuity payable to the Former Wife that would survive his death and terminate only on the remarriage or death of the Former Wife.
The evidence presented to the trial court in this case demonstrates that the Former Wife will be left in dire economic straits if the Former Husband predeceases her. It also demonstrates that the Former Husband had a history of failing to satisfy his financial obligations in general and, in particular, with regard to the Former Wife. The Former Wife not only sustained her burden of demonstrating circumstances sufficient to warrant an order requiring the Former Husband to provide some measure of security for his alimony obligation but also established appropriate circumstances demonstrating a need for some measure of security for the protection of her financial well-being in the event the Former Husband should predecease her. See Richardson v. Richardson, 722 So.2d 280, 281 (Fla. 5th DCA 1998); see also Sobelman v. Sobelman, 541 So.2d 1153, 1155 (Fla.1989) (holding life insurance could be ordered as part of equitable distribution and support scheme to “either satisfy arrearages or to otherwise protect the receiving spouse in appropriate circumstances”); Sasnett v. Sasnett, 679 So.2d 1265, 1268 (Fla. 2d DCA 1996) (recognizing “[t]he husband’s sudden demise would seriously jeopardize the wife’s well being, both financially and health-wise,” this court determined “[t]he present circumstances clearly demonstrate the ‘appropriate circumstances’ to require some form of security to secure the alimony award”). The trial court accomplished this task by requiring the Former Husband to obtain an annuity payable to the Former Wife that would survive his death and terminate only on the remarriage or death of the Former Wife. However, there is a complete dearth of evidence demonstrating whether such an annuity was commercially available for these purposes and, if so, whether it was available to the Former Husband. Furthermore, the trial court failed to address the financial impact on the Former Husband created by the annuity requirement.
*1123 Because the record before us does not contain any evidence concerning the annuity, we reverse the portion of the final judgment that requires the Former Husband to secure the alimony award with an annuity and remand for further proceedings to determine the propriety of using the annuity, or if that proves to be unsuitable, some other method of securing the Former Husband’s alimony obligation and protecting the Former Wife’s financial well-being. In all other respects we affirm.
Affirmed in part, reversed in part, and remanded.
KELLY and WALLACE, JJ„ concur.